Walter J. Mahoney, J.
In this, an article 78 proceeding, petitioners seek various specified relief from the court by way of mandamus and restraint in connection with the awarding of certain construction contract work to be performed in the development of a proposed recreational area and complex, situate on waterfront property of the respondent City of Buffalo, known as the Erie Basin Marina, consisting of approximately 24 acres of land and accessory buildings and facilities, all to be serviced with water lines, sanitary and storm sewer system, boat sewage disposal system and a fire protection system.
The individual petitioner herein is a resident taxpayer of the City of Buffalo, with the corporate petitioner being a membership corporation composed of plumbing contractors conducting business in the County of Erie. The principal respondent, the City of Buffalo, is the owner of the afore-mentioned proposed public project, with the individual respondent being its Commissioner of Public Works, charged with the responsibility for contracting out such public work projects.
From the pleadings here submitted, it would further appear that on March 15, 1972, the respondents herein published a legal notice advertising for bids for the construction and mechanical work to be performed in connection with said Erie Basin Marina, pursuant to plans and specifications prepared by their agent DeDonato, Renaldo Associates, architects-engineers. The said specifications divided the work to be performed into five contracts, A through E; and further provided for separate public bidding and award as to each of the aforesaid contracts.
*413 Contract A, identified as the ‘1 General Construction ’ ’ contract, pursuant to the afore-mentioned specifications, contained therein sanitary, storm sewer and water main work under article II, division 2, sections 4 and 5, to be installed from a defined point outside of the building complexes through and across the land site of the subject premises up to the existing public water and sewer systems at the perimeter of the site premises. Contract C, identified as “Plumbing Work ”, provided for the furnishing of labor and materials for the construction and installation of sanitary systems, cold and hot water systems and storm and drainage systems for the interior and immediate contiguous area of the building complexes to be erected on the development site.
Sealed bids on the proposed contracts were received by the respondents on April 12, 1972, followed by normal processing of said bids for acceptance and ultimate award and contracting. However, prior to the awarding and entry into formal contracts by the respondents and the respective successful bidders, this proceeding was instituted by petitioners by a show cause order granted by this court dated May 24, 1972 which contained a temporary restraining order staying respondents from awarding the aforesaid Contract A to Stimm Associates, Inc., the apparent successful bidder thereon, which stay has been continued pending disposition of this proceeding.
It is the contention of .the petitioners that the form of the specifications prepared herein by respondents and their architects in connection with said Contract A, is violative of provisions contained in section 101 of the General Municipal Law, requiring separate specifications so as to permit separate and independent bidding upon “ plumbing work ” proposed for that portion of the project here in question.
Pertinent to this proceeding, section 101 of the General Municipal Law provides:
“ § 101. Separate specifications for certain public work
“ 1. Every officer, board or agency of a political subdivision * * * charged with the duty of preparing specifications or awarding or entering into contracts for the erection, construction, reconstruction or alteration of buildings, when the entire cost of such work shall exceed fifty thousand dollars, shall prepare separate specifications for the following three subdivisions of the work to be performed:
‘ ‘ a. Plumbing and gas fitting;
it k * * #
Ít Q # ^
*414 “ 2. Such specifications shall be drawn so as to permit separate and independent bidding upon each of the above three subdivisions of work. All contracts awarded by any political subdivision or by an officer, board or agency thereof * * *
for the erection, construction, reconstruction or alteration of buildings, or any part thereof, shall award the three subdivisions of the above specified work separately in the manner provided by section one hundred three of this chapter * *
In light of said statutory provision, petitioners contend that, under the facts here presented, the sanitary storm sewers and water main work contained in contract A of the Erie Basin Marina involving the installation of water main and sewer pipe from outside the building complex areas through the site premises to the perimeter thereof is ‘ ‘ plumbing ’ ’ work within the purview of said section 101 of the General Municipal Law, required to be separately “ spec’d and bid”, warranting an order by this court: (a) restraining the respondents from proceeding further with the awarding of Contract A, Phase II— B, general construction, for said Erie Basin Marina; (b) directing respondents to prepare separate specifications for the water main, sanitary and storm sewer plumbing work contained in division 2, article II, sections 4 and 5 of said contract specifications so as to permit separate and independent bidding of said work; and (c) directing respondents to submit the redrawn specifications forthwith for separate and independent bidding and award of a separate contract for said sanitary, storm sewer and water main work.
Respondents herein by their answer, buttressed by various affidavits here submitted, oppose the relief herein sought by petitioners primarily on the following multi-grounds: (a) that the nature of the work in issue does not fall within the mandate of said section 101 of the General Municipal Law by reason of the fact it is site preparation work outside the building complexes and therefore not part of “ erection, construction, reconstruction or alteration of buildings ” as provided in said statutory provision; (b) at most, on the facts here presented, the determination made in including the specific sanitary, storm sewer and water main work in the general construction contract was a proper exercise of administrative discretion and not in violation of section 101 of the General Municipal Law; (c) that under the peculiar facts of the instant case, such work is not 1 ‘ plumbing work ’ ’ within the meaning of said section 101 of the General Municipal Law; and (d) even if petitioners may well have established a legal right to the relief herein sought, *415 the equities of the situation by reason of undue ensuing hardship to the public interest, warrants denial by this court.
It would concededly appear from the pleadings, affidavits and exhibits here submitted, that respondent, the City of Buffalo, is a political subdivision and the individual respondent is the defined officer thereof subject to the mandate of section 101 of the General Municipal Law. The cost of the project in question also exceeds the statutory prerequisite of $50,000. Ostensibly, therefore, said section 101 of the General Municipal Law is applicable to the proposed public work project in the case at bar.
Difficulty in its specific application, however, becomes readily apparent, considering the nature of the recreational project here in question and the statutory language contained in said section referable to ‘ ‘ buildings ’ ’. Said section 101 of the General Municipal Law is a limitation on the freedom to contract and, as such, being in derogation of the common law, should be strictly construed. An analysis of said section is convincing to this court that the legislative mandate therein specified is limited to those public work contracts pertaining to the “ erection, construction, reconstruction or alteration of buildings ”. Such language constitutes a restriction and qualification on the impact of the section to the same extent as does the monetary provision therein contained.
While construction of two building complexes is included in the proposed development project by respondent city, the sewer, storm, drainage and water main work in question would not appear to be solely for the benefit of or exclusively appurtenant to said structures, but rather for service for the entire redeveloped area and attendant facilities. Recognition by respondents of the provisions of section 101 of the General Municipal Law is evidenced by the separate specification and bidding under Contract C (plumbing work) specifying and delineating various items of plumbing work on the proposed building complexes and their immediate contiguous area.
It is therefore the opinion of this court that, under the facts here presented involving the particular recreational development project here proposed by the city of Buffalo, the separate specification and bidding mandate of section 101 of the General Municipal Law is limited to that plumbing work which is an integral part of any building to be constructed thereon or immediately adjacent and contiguous thereto. Such mandate has been met by the respondents herein under the plans and specifi *416 cations proposed in connection with Contract C (plumbing work).
Without determining the ‘ ‘ plumbing ’ ’ nature, within the statutory context, of the sanitary, storm sewer and water main work included under Contract A (general construction) herein, such work appears, under the facts of the instant case, more in the nature of site redevelopment, concerning which the Legislature has not prescribed, nor does a fair intendment of the language of present section 101 of the General Municipal Law prescribe, separate specifications and bidding.
The petition herein must therefore be dismissed and the temporary restraining order heretofore granted be vacated.